UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X

Carlos A. Seales,

                    Plaintiff,              CV-07-2901(CPS)(CLP)

     - against -                            MEMORANDUM OPINION
                                            AND ORDER
Panamanian Aviation Company Limited
a/k/a COPA Airline, "Jane Doe" and
"John Doe" 1 through 10 inclusive,
the names of the last defendants
being fictitious, the true names of
the defendants being unknown to the
plaintiff,

                    Defendants.

-------------------------------------X

SIFTON, Senior Judge.

        Plaintiff Carlos Seales ("plaintiff") commenced this action

against Panamanian Aviation Company, Ltd., also known as Copa

Airline ("COPA"), and "Jane Doe" and "John Doe" 1 through 10,

unidentified COPA employees, on July 12, 2007.  Plaintiff brings

claims of willful and/or negligent misrepresentation, gross

negligence, willful misconducts, and intentional infliction of

emotional distress, and seeks damages, alleging that based on the

actions and representations of COPA and its employees, plaintiff,

following a flight on COPA from Panama City to Jamaica, was

arrested at Norman Manley Airport, Jamaica, detained eighteen

days, and prohibited from leaving Jamaica for several months

while criminal charges were pending.  Now before the Court is

defendant COPA's motion to dismiss for *forum non conveniens*.[1]

For the reasons set forth below, defendant COPA's motion is

denied.

## Background

The following facts are taken from plaintiff's Complaint,

the affidavits and the exhibits submitted by the parties in

connection with these motions. *See Alcoa S.S. Co. v. M/V Nordic*

*Regent,* 654 F.2d 147, 158-59 (2d Cir. 1980) (en banc) ("[I]t is

the well established practice . . .to decide [*forum non*

*conveniens*] motions on affidavits")*, cert. denied*, 449 U.S. 890

(1980)*.* Disputes are noted.

Plaintiff is an individual residing in Brooklyn. He is a

United States citizen and resident of the State of New York.[2] He

---

[1] Plaintiff filed a motion to amend his complaint ("Complaint") on October 15, 2007. I granted this motion in open court on February 6, 2008. The amended complaint ("Amended Complaint") has not yet been filed, and thus I rely upon the allegations in the Complaint for the purposes of this motion, unless otherwise noted. Plaintiff's filing of the Amended Complaint will not moot the issue of *forum non conveniens.*

[2] Defendant COPA points out that in a document entitled, "Written Submissions In Support of Application to Remit Matter to The Resident Magistrate's Court," which was submitted by plaintiff's defense attorney in connection with the gun charges filed by Jamaican authorities against plaintiff, plaintiff's attorney asserted that plaintiff was "a licensed firearm holder in his native country, Panama." At oral argument on this motion, plaintiff explained he has dual citizenship and is a naturalized United States citizen.

In the same submission, plaintiff's attorney also wrote that "[plaintiff] intended to obtain advice . . . as to the correct procedure to take his licenced firearm to Jamaica where he was also living with his wife, Iffya, his daughter of 8 months (then) and his wife's three (3) children." Def. Ex. E, at 5. Plaintiff's attorney continued, "[plaintiff] was in the process of gradually moving to Jamaica." *Id.* Though this submission is undated, it was clearly submitted during the pendency of the criminal charges against plaintiff in Jamaica (October 3, 2005 through April 18, 2006). The document therefore does not establish that over a year later, at the time of the filing of plaintiff's Complaint, plaintiff was living in Jamaica, as

receives a disability pension from the Department of Veteran

Affairs and Social Security benefits from the Social Security

Administration.  Nnebe Aff. ¶ 20.  These funds are deposited into

plaintiff's bank account in New York.  *Id.*  Defendant COPA is a

business corporation organized and existing under the laws of

Panama, with its principal place of business located in Panama.

Defendants "John Doe" and "Jane Doe" 1-10 are unknown employees

of COPA.

  Plaintiff is a consultant who travels between the United

States, Panama, and Jamaica.  Prior to one trip from Panama City

to Jamaica, plaintiff contacted COPA to inquire whether he could

legally take his firearm, licensed in Panama, into Jamaica and,

if so, what the relevant procedures were.  Plaintiff alleges that

he was informed by COPA employees that he could legally take his

firearm into Jamaica if he declared his intention to transport

the firearm at check-in, provided evidence and verification of

the firearm license, had the firearm inventoried and handed over

defendant contends.  According to plaintiff, he resides full time in Brooklyn.
    Nor do COPA's Requests for Admissions ("RFA") establish that plaintiff's
residence was outside of Brooklyn on the date of the filing of the Complaint.
The RFA's, served upon plaintiff on October 1, 2007, sought admissions that on
July 17, 2007, plaintiff lived in Jamaica or Panama, did not reside in New
York, and was a citizen of Panama.  Plaintiff never responded to COPA's RFA's.
While a party failing to respond to a RFA is usually deemed to have admitted
the substance of the request, Fed. R. Civ. P. 36(3), there is no indication
that the parties had conferred regarding discovery, pursuant to Fed. R. Civ.
P. 26(f), nor has a Scheduling Order been entered in this case.  Thus,
defendant's RFA's were premature and did not require a response from
plaintiff.  *See* Fed. R. Civ. P. 26(d)(1).
    Lastly, defendant notes that plaintiff's Complaint stated that he
"travels constantly between the United States, Panama and Jamaica."  Wherever
plaintiff may travel, defendant has failed to show that plaintiff does not
reside in Brooklyn.

to the defendants for transportation, and, finally, upon arrival in Jamaica, applied for and obtained a permit from the relevant Jamaican authority to re-possess his firearm.

On October 3, 2005, plaintiff boarded a COPA flight from Panama to Jamaica. He duly declared his firearm and produced his license. COPA employees accepted the firearm and provided plaintiff with his boarding pass and baggage claim receipt. Upon boarding the aircraft, plaintiff was summoned to the cockpit by the pilot, who presented the firearm case to plaintiff. Plaintiff opened the case and the pilot separated the ammunition from the firearm, inventoried the firearm and the ammunition, issued plaintiff with a receipt, and took possession of the firearm. The pilot allegedly informed plaintiff that defendants would deliver the firearm to the proper Jamaican authority upon arrival and advised plaintiff that he could claim the ammunition from Jamaican customs with the receipt.

When plaintiff's flight landed in Jamaica, plaintiff went to claim his regular baggage and saw his firearm lying next to the conveyor belt, unattended. He retrieved the firearm and took it directly to Jamaican customs. He informed Customs Officer Delroy Allen of the circumstances and his desire to obtain permit to bring the firearm into Jamaica. Customs officers tried to confirm plaintiff's account with the COPA pilot, but the aircraft was already on its return trip to Panama.

Plaintiff was arrested and detained by the Jamaican authorities for (a) illegal possession of a firearm, (b) illegal possession of ammunition, (c) importing a firearm without a license, and (d) breach of the Customs Act. The offenses allegedly carry a penalty of life imprisonment.

Plaintiff was subsequently charged with illegal possession of a firearm, illegal possession of ammunition, and illegal importation of firearms and ammunition in the High Court Division of the Gun Court for the Island of Jamaica. At a hearing of the charges against plaintiff on October 5, 2005, the presiding Judge requested a written statement from COPA attesting to the fact that plaintiff declared his firearm and that it was transported with the knowledge of defendants. Plaintiff was remanded into custody pending receipt of this statement.

Plaintiff repeatedly tried to contact defendants, either directly or through the Panamanian Embassy in Jamaica, to request such a statement. By letter dated November 9, 2005, COPA stated that plaintiff and COPA followed the procedure established in COPA's security manual regarding the transport of a firearm and that the firearm had been dissembled and, together with the separated ammunition, placed inside plaintiff's checked luggage. Pl. Ex. 1. COPA did not state that plaintiff had handed over his firearm to the COPA pilot for transportation to the Jamaican authorities.

The criminal charges against plaintiff were eventually dismissed on April 18, 2006. During their pendency, plaintiff had been incarcerated for eighteen days and thereafter prohibited from leaving Jamaica.

**Discussion**

I.  Forum Non Conveniens

The doctrine of *forum non conveniens* permits a court, in its discretion, "to resist the imposition upon its jurisdiction," even though jurisdiction may be lawfully exercised and venue is technically proper,[3] where the convenience of the parties and interests of justice favor trial in another forum. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947); *see also Koster v. Am. Lumbermens Mut. Casualty Co.*, 330 U.S. 518, 527 (1947).[4] "Although a district court enjoys broad discretion in applying this principle," the Second Circuit "has outlined a three-step process to guide the exercise of that discretion." *Norex*

---

[3]  The parties do not dispute in their papers that the Court has subject matter jurisdiction, jurisdiction over the parties, or that venue is proper, though COPA, in its answer, has denied the allegations regarding jurisdiction and has asserted lack of personal jurisdiction as an affirmative defense.

[4]  A preliminary question is whether, under *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), state or federal law of *forum non conveniens* applies in a diversity case. The Supreme Court has, on three occasions, explicitly left this issue unresolved. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249 n. 13 (1981); *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 509 (1947) (New York law same as federal law); *Williams v. Green Bay & W.R. Co.*, 326 U.S. 549, 559 (1946) (same). The Second Circuit has stated that the similarity between New York law and federal law on *forum non conveniens* doctrine obviates the need to resolve the *Erie* question. *Schertenleib v. Traum*, 589 F.2d 1156, 1162 n. 13 (2d Cir. 1978). For simplicity, federal law will be applied.

*Petroleum Ltd. v. Access Industries, Inc.*, 416 F.2d 146, 153 (2d
Cir. 2005).

First, the court must determine the degree of deference
properly accorded to plaintiff's choice of forum. *Iragorri v.
United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001). Second, the
court must determine whether an alternative and adequate forum
exists. *Id.* at 73. Lastly, the court must balance the private
and public interests implicated in the choice of forum. *Id.* at
73-74. To prevail on a motion to dismiss based on *forum non
conveniens*, a defendant must demonstrate that an adequate
alternative forum exists and that, considering the relevant
private and public interest factors set forth in *Gilbert*,
discussed *infra*, the balance of convenience tilts strongly in
favor of trial in the foreign forum. *R. Maganlal & Co. v. M.G.
Chemical Co., Inc.*, 942 F.2d 164, 167 (2d Cir. 1991).

A. *Degree of Deference*

As a threshold matter, I must determine the degree of
deference to be accorded to plaintiff's choice of forum. The
Supreme Court has held that, "unless the balance is strongly in
favor of the defendant, the plaintiff's choice of forum should
rarely be disturbed." *Gulf Oil*, 330 U.S. at 508. However, "the
degree of deference given to a plaintiff's forum choice varies
with the circumstances" depending on the degree of convenience
reflected by the choice in a given case, which is the purpose of

any *forum non conveniens* inquiry. *Iragorri*, 274 F.3d at 71.

In analyzing the circumstances of a particular case, the Second Circuit has instructed as follows:

> The more it appears that a domestic or foreign plaintiff's choice of forum has been dictated by reasons that the law recognizes as valid, the greater the deference that will be given to the plaintiff's forum choice. Stated differently, the greater the plaintiff's or the lawsuit's bona fide connection to the United States and to the forum of choice and the more it appears that considerations of convenience favor the conduct of the lawsuit in the United States, the more difficult it will be for the defendant to gain dismissal for *forum non conveniens*. Thus, factors that argue against *forum non conveniens* dismissal include the convenience of the plaintiff's residence in relation to the chosen forum, the availability of witnesses or evidence to the forum district, the defendant's amenability to suit in the forum district, the availability of appropriate legal assistance, and other reasons relating to convenience or expense. On the other hand, the more it appears that the plaintiff's choice of a U.S. forum was motivated by forum-shopping reasons-such as attempts to win a tactical advantage resulting from local laws that favor the plaintiff's case, the habitual generosity of juries in the United States or in the forum district, the plaintiff's popularity or the defendant's unpopularity in the region, or the inconvenience and expense to the defendant resulting from litigation in that forum-the less deference the plaintiff's choice commands and, consequently, the easier it becomes for the defendant to succeed on a *forum non conveniens* motion by showing that convenience would be better served by litigating in another country's courts.

*Id.* at 71-72. While plaintiff's choice of his or her home forum does not obviate the need to review all the circumstances, great deference is generally accorded because the home forum "is presumed to be convenient." *Id.* at 71 (citing *Piper Aircraft v. Reyno*, 454 U.S. 235, 255-56 (1981)). "In contrast, when a

foreign plaintiff chooses a U.S. forum, it 'is much less reasonable' to presume that the choice was made for convenience." *Id*. (quoting *Piper Aircraft*, 454 U.S. at 256).[5]

Plaintiff alleges in the Complaint that he is a citizen and a resident of Brooklyn, New York.  Complaint ¶ 1, Nnebe Aff. ¶ 3(a).  For the reasons set forth in Footnote 2, *supra*, COPA has not demonstrated otherwise.  Thus, plaintiff has brought suit in his home forum and the forum is "presumed to be convenient." However, while the initial presumption is to defer to the plaintiff's choice, the *Iragorri* factors are tools to assess whether there are any reasons to doubt the presumption of convenience.

Here there are somewhat conflicting considerations. Plaintiff flew to Jamaica from Panama.  His firearm permit was issued by Panama.  Plaintiff admits that several witnesses are located in either Jamaica[6] or Panama.  There is also some indication that plaintiff may have resided in Jamaica for a period of time.  Plaintiff, however, is an American citizen now

---

[5]  The *Irragorri* court also noted that "Courts should be mindful that, just as plaintiffs sometimes choose a forum for forum-shopping reasons, defendants may also move for dismissal under the doctrine of *forum non conveniens*" for similar forum-shopping reasons.  *Iragorri*, 274 F.3d at 75. The Second Circuit cautioned, "[d]istrict courts should therefore arm themselves with an appropriate degree of skepticism in assessing whether the defendant has demonstrated genuine inconvenience and a clear preferability of the foreign forum."  *Id*.

[6]  Plaintiff has agreed to make available Everton Bird, his criminal defense attorney, the person he refers to as his "alleged" wife, and his treating psychologist within the Eastern District of New York for deposition.

living in Brooklyn and, as noted above, payments from various
United States government agencies are deposited into a New York
bank account.  Moreover, COPA has an office in New York as well
as flights to and from New York.  COPA's parent is listed on the
New York Stock Exchange.  Nnebe Aff. ¶ 24; *see also* Proposed
Amended Complaint, ¶ 8.  COPA's own presence in New York is
reason for it to expect that circumstances may arise that would
require it to litigate here.

It is significant that plaintiff has sued in his home forum
and it is one in which COPA is amenable to process.  *See Gross v.
British Broadcasting Corp.*, 386 F.3d 224, 231 (2d Cir. 2004)
(citing same factors as significant).  Indeed, this case, as did
*Gross,* "presents a situation in which courts should initially be
at their most deferential: a U.S. plaintiff suing at home for
valid reasons."  *Id.*  While this conclusion does not foreclose a
dismissal for *forum non conveniens*, since the forum may prove to
be excessively burdensome to the defendant, the starting point
will be one that substantially favors the plaintiff.  *Id.* (citing
*Piper Aircraft,* 454 U.S. at 256 n. 23).

B.    *Availability of Adequate and Alternate Forum*

The doctrine of *forum non conveniens* "presupposes at least
two forums in which the defendant is amenable to process."  *Gulf
Oil*, 330 U.S. 506-507.  Thus, "[a]n alternative forum is
ordinarily adequate if the defendants are amenable to service of

process there and the forum permits litigation of the subject matter of the dispute." *In re Arbitration between Monegasque De Reassurances S.A.M. v. Nak Naftogaz of Ukraine*, 311 F.3d 488, 499 (2d Cir. 2002) (citing *Piper Aircraft*, 454 U.S. at 254 n. 22).

Defendant COPA argues that Jamaica is a proper alternative forum. Defendant COPA further contends that the laws of Jamaica permit civil actions arising out of negligence and breach of contract. It also contends that COPA is subject to service of process in Jamaica.

Plaintiff does not dispute these points. Instead he argues that delays and administrative difficulties in the Jamaican courts would deprive him of an adequate remedy. He argues that it would take at least four years for a trial in this matter to be held and that he would have difficulty enforcing any judgment against COPA. Plaintiff's argument that it would take four years to litigate his claim is based on an alleged conversation he had with his criminal defense attorney, Mr. Bird. Even if it would take four years, "[d]elays in an alternative forum's judicial system are not sufficiently harmful of due process to prevent dismissal on the ground of *forum non conveniens*." *Broadcasting Rights Int'l Corp. v. Societe du Tour de France*, 708 F. Supp. 83, 85 (S.D.N.Y. 1989).

Plaintiff also provides no support for his argument that it would be difficult to enforce his judgment in Jamaica,

particularly given the amenability of defendant COPA to process
and its admitted frequent contacts with Jamaica.

At least one court in this circuit has found Jamaica to be
an adequate forum, *Guimond v. Wyndham Hotels & Resorts*, 1996 WL
281959, at *3 (S.D.N.Y. May 29, 1996), and this court does not
disagree based on the facts of this case.

C. *Balancing of Interests*

Since an adequate alternative forum exists, I now turn to
balancing the private and public interest factors to ascertain
whether the case should be adjudicated in the plaintiff's chosen
forum or in the alternative forum, Jamaica, sought by COPA,
bearing in mind the substantial deference accorded to plaintiff's
choice of his home forum and defendant's obligation to
demonstrate that the balance of convenience tilts strongly in
favor of trial in Jamaica.

i. Private Interest Factors

"The first set of factors considered are the private
interest factors — the convenience of the litigants." *Iragorri*,
274 F.3d at 73. These factors include "relative ease of access
to sources of proof; availability of compulsory process for
attendance of unwilling, and the cost of obtaining attendance of
willing, witnesses; possibility of view of premises, if view
would be appropriate to the action; and all other practical
problems that make trial of a case easy, expeditious and

inexpensive.  There may also be questions as to the enforcibility of a judgment if one is obtained." *Gilbert*, 330 U.S. at 508.

The gravamen of plaintiff's claims is that COPA employees told him that he could transport his firearm into Jamaica if he turned it over to COPA, allowed COPA to turn the firearm over to the proper authorities in Jamaica, and subsequently applied for a valid Jamaican permit.  Instead, plaintiff alleges, the gun was left with general baggage and when plaintiff brought it to customs and tried to declare it, he was arrested.  According to plaintiff, he would not have been arrested had COPA's employees brought the firearm to customs.

Defendant COPA argues that the witnesses required for the case are located more conveniently to Jamaica than New York. COPA contends these witnesses are its employees, the Jamaican customs and police officers involved in the proceedings against plaintiff, Mr. Bird, representatives of the High Court Division of the Gun Court, the airport baggage handlers, persons familiar with plaintiff's conduct during his incarceration in Jamaica, and persons familiar with plaintiff's alleged damages, including his family and psychologist.  Defendant also notes that the documents and official court transcripts related to the Jamaican criminal proceedings are located in Jamaica.

Neither plaintiff nor any of the COPA employees with whom he interacted concerning the transportation of his firearm, however,

are located in Jamaica.  Plaintiff is located in New York.  COPA
states that the John and Jane Does referred to in the Complaint
are located in Panama.  Def. Aff. ¶ 18.  COPA has made no showing
as to why it would be more burdensome to produce its employees in
New York, to which it has several flights, than in Jamaica.
Plaintiff has stated he will make Mr. Bird, his alleged wife, and
psychologist available in New York for testimony.

Admittedly, the customs and police officers, representatives
of the Gun Court, and the airport baggage handlers[7] are located
in Jamaica and do not appear subject to the jurisdiction of this
Court.  COPA argues that to properly defend itself, it needs to
depose these witnesses.  This Court does not dispute that these
witnesses may be relevant and even important to COPA's defense.
COPA, however, does not appear to have considered that the
testimony of these witnesses could be compelled by other means,
such as a letter of request.  *See* Fed. R. Civ. Pro. 28(b);
*Overseas Programming Companies, Ltd. v. Cinematographische
Commerz-Anstalt*, 684 F.2d 232, 235 (2d Cir. 1982) ("any
difficulties . . . regarding witnesses whose attendance the Court
is unable to compel can most likely be resolved by the use of
deposition testimony or letters rogatory"); *Torres v.*

---

[7] Defendant COPA has not explained how the testimony of the baggage
handlers would be relevant, given plaintiff's claim that the COPA pilot told
plaintiff he would turn the firearm over to the proper authorities.

*International Hotels (Jamaica) Ltd.*, 2007 WL 2254929, at *1

(S.D.Fla. August 3, 2007).[8]

In addition, plaintiff's arrest, detention, and criminal

proceedings, which are the subjects to which the customs, police

officers, and representatives of the Gun Court would likely

testify, are well documented.  Plaintiff asserts these documents[9]

have already been turned over to the defendant or are easily

accessible as public documents.

Defendant has also not demonstrated that it would be useful

to view any of the sites where the events at issue in this action

took place.

I finally note that the burden of litigating abroad is

likely a greater obstacle to an individual than COPA.  *See Carey*

*v. Bayerische Hypo-Und Vereinsbank AG*, 370 F.3d 234, 238 (2d Cir.

2004).

While the presence of certain witnesses in Jamaica may tilt

the private interest factors slightly in favor of defendant, as

COPA has not demonstrated that other methods of obtaining their

testimony would be insufficient, this fact does not overcome the

deference to plaintiff's choice of his home forum.

---

[8]  This Court notes that Jamaica is not a signatory to the Convention
on the Taking of Evidence Abroad in Civil or Commercial Matters, 28 U.S.C. §
1781, but this fact does not preclude a letter of request.

[9]  Defendant also argues that all the documents relevant to the incident
are in Jamaica.  It is unclear what documents, if any, beyond documents
relating to plaintiff's arrest, detention, and prosecution, defendant would
require.

ii.  Public Interest Factors

Factors of public interest also have place in applying
the doctrine. Administrative difficulties follow for
courts when litigation is piled up in congested centers
instead of being handled at its origin. Jury duty is a
burden that ought not to be imposed upon the people of
a community which has no relation to the litigation. In
cases which touch the affairs of many persons, there is
reason for holding the trial in their view and reach
rather than in remote parts of the country where they
can learn of it by report only. There is a local
interest in having localized controversies decided at
home. There is an appropriateness, too, in having the
trial of a diversity case in a forum that is at home
with the state law that must govern the case, rather
than having a court in some other forum untangle
problems in conflict of laws, and in law foreign to
itself.

*Gilbert*, 330 U.S. at 508-09.

Plaintiff alleges he is a United States citizen, a resident

of New York, a United States veteran, and a recipient of Social

Security and veterans' benefits.  Undoubtedly, the Eastern

District of New York is a busy district.  However, as plaintiff

is a Brooklyn resident, this forum has a connection to the

litigation.  *See Gross*, 386 F.3d 234.[10]  Due to this connection,

jury duty is not an imposition upon the residents of the

district.

Even if the laws of Jamaica with respect to the transport of

firearms do come into issue, it is widely-recognized that "the

_____

[10]  By contrast, Jamaica has the least interest in this case between the
three possible fora, Panama being the third, as neither COPA nor plaintiff
resides in Jamaica.  Defendant argues that Jamaica has an interest in the
outcome of the case because its gun and customs law are at issue.  But there
is no claim regarding the validity of the laws and the charges against
plaintiff have been dismissed.

need to apply foreign law is not in itself a reason to apply the

doctrine of *forum non conveniens*, and [courts] must guard against

an excessive reluctance to undertake the task of deciding foreign

law, a chore federal courts must often perform." *Manu Int'l,*

*S.A. v. Avon Prods., Inc.*, 641 F.2d 62, 67-68 (2d Cir. 1981)

(quotations and citations omitted); *see also Piper Aircraft*, 454

U.S. at 260 n. 29 (noting that "the need to apply foreign law ...

alone is not sufficient to warrant dismissal"); *Rahl v. Bande*,

328 B.R. 387, 412 (S.D.N.Y. 2005) (that district court would have

to apply foreign law was insufficient to overcome the deference

due the plaintiff's forum choice); *Maganlal*, 942 F.2d at 168

(issues of foreign law were not central to case and did not

require *forum non conveniens* dismissal).[11]

Thus, the public interest factors do not weigh heavily

against litigating this case in plaintiff's chosen forum.  For

the reasons set forth above, COPA has failed to demonstrate that

the Eastern District of New York is genuinely inconvenient and

that its proposed forum, Jamaica, is significantly preferable.

Thus, COPA's motion to dismiss on the basis of *forum non*

---

[11] COPA states in conclusory fashion that Jamaican law would govern
plaintiff's claims for relief.  If this conclusion were accurate, it would
further weigh in favor of dismissal.  Any contract entered into between
plaintiff and COPA, however, was entered into in Panama, and many of the
actions, representations, and omissions at issue occurred in Panama.  As such,
there is at least as strong an argument that Panamanian law should govern the
substantive claims.  No party has briefed the issue, and it is therefore not
clear whether United States, Panamanian or Jamaican law will apply.
Accordingly this factor does not support dismissal.

*conveniens* is denied.

## Conclusion

For the reasons set forth above, defendant's motion to dismiss for *forum non conveniens* is denied.  The Clerk is directed to transmit a copy of the within to all parties and the assigned Magistrate Judge.

SO ORDERED.

Dated :  Brooklyn, New York
          February 25, 2008

                    By: /s/ Charles P. Sifton (electronically signed)
                        United States District Judge